FILED

MAR 24 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

A10CA202 LY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JEFFREY SMITH | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| | § | Complaint |
| | § | And |
| TRANS UNION, L.L.C.; and SANTANDER | § | |
| CONSUMER USA, Inc. | § | |
| | § | Demand for Jury Trial |
| | § | |
| | § | |
| Defendants | § | |

## COMPLAINT

COMES NOW the Plaintiff, JEFFREY SMITH, (hereafter the "Plaintiff) by Counsel, Dennis McCarty, and for his complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act) and 15 U.S.C. §1692 (Federal Fair Debt Collect Act) and for the common law tort of defamation.

### JURISIDICTION

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), and by 15 U.S.C. §1692k(d), and 28 U.S.C. §1331, supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C. §1367.

1

## PARTIES

3. Plaintiff is a natural person and is a resident and citizen of Travis County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c)

4. Defendant TRANS UNION, L.L.C, (hereafter Trans Union) is a foreign For-Profit Corporation registered to do business in Texas, and it may be served through its registered agent, Prentice Hall Corporation System, 211 East 7th Street, Suite 620, Austin, Texas 78701. Defendant is a "consumer reporting agency", as defined 15 U.S.C §1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

5. Defendant, Santander Consumer USA, Inc. (herein after referred to as Santander) is a foreign For-Profit Corporation currently doing business in Texas and it may be served through its registered agent, C.T. Corporation System, at 350 N. St. Paul Street in Dallas, Texas 75201. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7. Trans Union did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it has known or should have known the information was incorrect.

8. Santander did not provide a good faith investigation to the disputed account.

9. On or about February, 1999 Plaintiff purchased 1997 Dodge Truck

10. On or about May 7, 1999 Plaintiff totaled 1997 Dodge Truck in a wreck.

11. On or about May 7, 1999 Plaintiff stopped making payments. Establishing the first date of delinquency.

12. Plaintiff's insurance paid the original lender the vehicle's value.

13. On or about June 8, 1999 received a collection letter from the original creditor, Triad Financial, demanding payment. Proving the date of delinquency is older than the statute allows it to be reported.

14. The original furnisher, Triad Financial, sold debt to Santander.

15. Santander, then re-aged the debt and reported the debt on Plaintiff's credit report that was beyond the statutory limit to report.

16. On or about December 21, 2009 Plaintiff went to refinance his home to get a better interest rate from Bank of America.

17. Plaintiff was informed while trying to refinance his home that Santander was reporting this old and obsolete debt.

18. Due to this old and obsolete information that is being reported, Plaintiff was not able to refinance his house and take advantage of a much better interest rate.

19. On or about December 21, 2009 Plaintiff pulled his credit report and verified that Santander was reporting on Plaintiff's credit report with an open date of 2/1999.

20. Plaintiff had no idea what this account represented.

21. On or about December 22, 2009, Plaintiff disputed the account on-line with Trans Union. The Plaintiff disputed the account as, "this is not my account".

22. On or about December 25, 2010 Plaintiff received a response via Trans Union's Web site and by using a password setup by and through Trans Union, Plaintiff read that Trans Union completed their investigation and their finding was, "verified, no change". Plaintiff later attempted to get back into the account to print the results but Trans Union's system will not allow consumers back into the account after thirty (30) days.

23. On or about January 8, 2010, Plaintiff called Santander to inquire about the account. Plaintiff asked Santander if they could tell him what the account is. Santander informed Plaintiff that it was for a 1997 Dodge Truck and gave Plaintiff the VIN identifying the vehicle.

24. Santander informed Plaintiff that the last time they tried to settle the account with Plaintiff was on or about April, 27, 2001.

25. Plaintiff informed Santander that the last payment he made was on or about May 8, 1999.

26. Plaintiff informed Santander that he received a letter from Triad Financial on or about June 9, 1999 attempting to collect the debt.

27. Plaintiff informed Santander that it is still reporting after seven (7) years on Plaintiff's credit report and Plaintiff requested it be removed.

28. Santander asked Plaintiff if he has disputed it with the Credit Bureaus, and Plaintiff responded that he has disputed the account.

29. Plaintiff informed Santander that the report is showing that it was opened on or about February, 1999 and closed November 2009. Plaintiff informed Santander that it was impossible because the first date of delinquency is May, 1999.

30. Santander informed Plaintiff that Santander bought out Triad Financial as well as buying all of Triad Financial's accounts. Santander further informed Plaintiff that they went through and reported all of Triad Financial's old accounts and now they are all back open. Santander further informed Plaintiff that the accounts that had a balance are now open for collections.

31. Plaintiff requested a letter from Santander stating, that they will remove it from the credit record.

32. Santander responded that they would not remove it.

33. Plaintiff asked Santander if that was illegal because the account is over seven (7) years old.

34. Santander stated that, "she has had that question several times from customers, especially since we have been working the older piece of it. Santander further stated that, "it's not there within their rights to collect on this particular account that they purchased." Santander admitting they should not be collecting this debt.

35. Santander further informed the Plaintiff that "you're more than welcome to contact an attorney, get in contact with them and to find out what it is you can do."

36. On or about January 25, 2010 Plaintiff called Trans Union and discussed this issue with them, Trans Union informed Plaintiff that the only way to get the results of the first (1st) dispute was to dispute it again. Trans Union confirmed that they did contact

Santander and Santander validated the debt. Trans Union asked if Plaintiff wanted to dispute it again, Plaintiff agreed to dispute it again.

37. Plaintiff was concerned that they were disputing it the second (2nd) time based on, "this is not my account", Plaintiff wanted the second (2nd) dispute to dispute the fact the account is greater than the statutory limit a credit bureau is allowed to report that type of information. Plaintiff called back that same day, on or about January 25, 2010 and informed Trans Union all of the information again to them and stated that Plaintiff wanted to dispute the account based on that it was information that was old and obsolete. Trans Union asked if Plaintiff has evidence of the delinquency date, after Plaintiff confirmed that he did, Trans Union asked that Plaintiff send the evidence in using the same reference number as the earlier disputes. Trans Union informed Plaintiff that they would dispute the account for a third (3rd) time with Santander with the evidence that Plaintiff was providing.

38. On or about January 25, 2010 Plaintiff mailed the third (3rd) dispute letter explaining the situation and included the proof and evidence that the account was old and obsolete.

39. Plaintiff received the hard copy correspondence from the first (1st) reinvestigation with Trans Union that was dated on or about January 27, 2010. Trans Union's results were, "verified, no change".

40. Plaintiff received the hard copy correspondence from the second (2nd) reinvestigation dated on or about January 25, 2010. Trans Union's results were, "New Information below, Previously Verified." However, after reviewing the information from

the first (1st ) dispute and the second (2nd ) dispute, there were was not any new information.

41. On or about February 4, 2010, Plaintiff received the results from the third (3rd) dispute, regarding the age of the debt. The third (3rd) dispute included all the evidence proving the delinquency date, that included but not limited to the demand letter sent from the auto finance company demanding payment that was dated on or about June 8, 1999. Trans Union's results were, "new information below". They stated that it will continue to be reported until October, 2016. There was not any new information after reviewing the information of the third (3rd) dispute results with the previous first (1st) and second (2nd) results.

42. Trans Union is reporting this old and obsolete information until October, 2016.

43. Santander is furnishing this old and obsolete information so that it can be reported for the sole reason to maliciously and willfully damage the Plaintiff.

44. Trans Union is reporting this old and obsolete information for the sole reason to maliciously and willfully damage the Plaintiff.

45. Due to Trans Union willful, malicious and negligent noncompliance, Plaintiff's has had six (6) credit card limits radically reduced.

46. Bank of America Card(1) initial line was $11,000 and reduced to $7,000.

47. Bank of America Card(2) initial line was $9,000 and reduced to $7,000.

48. Bank of America Card(3) initial line was $12,000 and reduced to $500.

49. Bank of America Card(4) initial line was $14,500 and reduced to $500.

50. Sears Card initial line was $12,000 and reduced to $6,000.

7

51. Home Depot Card was cancelled, initial line of credit was $10,000.

52. Before the negative information hit Plaintiff's credit report, plaintiff had $58,500 of initial credit with six(6) different accounts.

53. Plaintiff's current credit card line of credit is $22,000.

54. Due to Trans Union and Santander' willful, malicious, and negligent noncompliance, Plaintiff has lost $37,500 in credit card line of credit.

55. The old and obsolete information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The old and obsolete information was furnished by Santander and reported by Trans Union, misrepresenting the payment history and/or status of Plaintiff's account, and is currently being reported and is reflected on Plaintiff's credit report, resulting in lowering Plaintiff's credit score and furthering Plaintiff's damages.

56. Plaintiff's credit reports and file have been obtained from credit reporting agencies and have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit, and the inaccurate information furnished by Santander and reported by Trans Union is continuing to damage the Plaintiff's credit rating and a substantial factor in Plaintiffs from taking advantage of receiving the most favorable terms in financing and interest rates for credit offers.

57. As a result of Defendants conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite future, all to Plaintiff's great detriment and loss.

58. As a result of Defendants conduct, Plaintiff has suffered actual damages and will continue to suffer in the future, all to Plaintiff's great detriment and loss.

59. At all times pertinent hereto, Defendants were both acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

60. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

61. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

62. This suit is based upon the Defendants violation of the FCRA, FDCA and defamation. All causes of action were the producing causes of damages which Plaintiff suffered.

### *Count I: Fair Credit Reporting Act*

63. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

64. This suit is brought against Defendants as the damages made the basis of this suit were caused by their violation of the FCRA. In all instances of violating the FCRA, Defendants did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o,

the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
>
>> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
>>
>> (2) such amount of punitive damages as the court may allow; and
>>
>> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

> (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
>> (1) any actual damages sustained by the consumer as a result of the failure; and
>>
>> (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

65. Trans Union is currently violating 15 U.S.C. §1681c(a)(4), by reporting old and obsolete information on Plaintiff's credit report that is more than the statutory period allows. The Plaintiff stopped making payments on the account on or about May 7, 1999 and received a collection letter from the original lender on or about June 8, 1999, commencing the beginning date of the first date of delinquency as defined by Statute. Plaintiff has requested Trans Union to reinvestigate this issue on multiple occasions as well as provided Trans Union with solid evidence, that included copies of the original

lenders collection letter dated on or about June 8, 1999 and other documentation that proved the debt was older than the statute allows to be reported.

The section entitled "Information excluded from consumer reports—Prohibited items" Under 15 U.S.C. §1681c(a)(4) reads:

> (4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

In addition to:

> 15 U.S.C. §1681c(c)(1) entitled "Running of the reporting period reads:
>
>> (c)(1) The 7 year period referred to in Paragraphs (4) and (6) of subsection shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit or loss, or subjected to any similar action, upon the expiration of the 180 day period beginning on the date of the commencement of the delinquency which immediately proceeded the collection activity, charge to profit and loss, or similar action

66. Trans Union is currently violating its duty under 15 U.S.C. §1681i(a)(1)(a) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff has requested Trans Union to reinvestigate this issue on multiple occasions as well as provided Trans Union with solid evidence, that included copies of the original lenders collection letter dated on or about June 8, 1999 and other documentation that proved the debt was older than the statute allows to be reported.

The section entitled

"Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(a) reads:

> (a)   Reinvestigations in case disputed information
>
>   (1) Reinvestigation required

> (A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

67. Santander violated its duty under 15 U.S.C. §1681s-2(b) to conduct a good faith investigation into Plaintiff's notice of dispute. After receiving a dispute notice from Trans Union, Santander did not conduct a complete or accurate investigation into the disputed issue. Santander should have discovered that the information they are providing the Credit Bureaus is old and obsolete credit information. The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

> (1) After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute With regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
>
>> (A) conduct an investigation with respect to the disputed information:
>>
>> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>>
>> (C) report the results of the investigation to the consumer reporting agency;
>>
>> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly
> - (i) modify that item of information
> - (ii) delete that item of information
> - (iii) permanently block the reporting of that item of information

68. Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. Plaintiff sent Trans Union evidence and proof that this is old and obsolete information by sending them a copy of the original lender's demand for payment that dated on or about June 8, 1999. Plaintiff has not made a payment on this account since on or about May 7, 1999. Plaintiff sent other documentation as well proving the date of first delinquency. Trans Union choose to ignore the evidence and informed the plaintiff the debt was verified and will continue to report it until on or about October, 2016.

Under 15 U.S.C. §1681e(b) reads:

> (b) Accuracy of the Report
>
> Whenever a consumer reporting agency prepares a consumer report it Shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom The report relates

### Count II: Fair Debt Collection Act

69. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

70. Santander violated Federal Statute 15 U.S.C. §1692e(8), when Santander furnished information to a credit bureau that they knew or should have known was old and obsolete. The information Santander is furnishing cannot be legally reported and any negative information that is being furnished to a credit bureau that legally cannot be reported is therefore false information. As well as furnishing old information, Santander has willfully, and maliciously provided the credit bureau with a made up a fictitious and random "date closed" of November 2009. This date is completely and totally false. There has not been any activity on this account since on or about May 1999, over ten (10) years ago. Santander made up that date in order to re-age the debt so that they could start collecting on the old debt. Santander informed Plaintiff that when they bought out Triad Financial, they opened up and reported all of their old accounts. Santander is communicating credit information that they knew or should have known the information was false when they furnished it to the credit bureau.

The section entitled "False or misleading representations" under 15 U.S.C. §1692e(8) reads:

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

### Count III: Defamation

71. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

72. At times pertinent hereto, Santander has and is currently publishing statements to various Credit Reporting Agencies that are false and negative representations concerning Plaintiff's credit information and history.

14

73. These published statements made by Santander are false.

74. The conduct of Trans Union, and Santander were a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as such other relief, permitted by law.

## DEMAND FOR JURY TRIAL

75. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, Trans Union and Santander, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o, and 15 U.S.C. §1692k

(e) An order directing that Defendant correct the past inaccuracy by removing it from Plaintiff's credit report.

(f) Such other and further relief as may be necessary, just and proper.

Dated:  March 20, 2010

                Respectfully submitted,

                _____
                Dennis McCarty
                ATTORNEY FOR PLAINTIFF
                Mississippi Bar No. 102733
                P.O. Box 54172
                Hurst, TX., 76054
                Telephone: 940-567-3141
                Fax (817) 887-5069
                dmccartylaw@att.net