IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY SMITH<br>　　　Plaintiff,<br>v.<br>TRANS UNION, L.L.C; and<br>SANTANDER CONSUMER USA, INC.<br>　　　Defendant. | § § § § § § § § § | CASE NO.<br>1:10-CV-00202-LY |

**DEFENDANT TRANS UNION LLC'S MOTION TO DISMISS
PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF**

Trans Union LLC ("Trans Union"), one of the Defendants herein, files this, its Motion to Dismiss Plaintiff's Request for Declaratory Relief, and pursuant to Federal Rule of Civil Procedure 12(b)(6), would show the Court as follows:

**I.  Background**

Plaintiff brings several claims against Trans Union, a consumer reporting agency, under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Among other things, Plaintiff seeks declaratory relief, specifically requesting this Court to "…direct[] that Defendant correct the past inaccuracy by removing it from Plaintiff's credit report."[1]

**II.  Argument**

Plaintiff's claim for declaratory relief should be dismissed because it is not authorized under the FCRA. *See Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir.2000); *Jones v. Sonic Automotive, Inc.*, 391 F.Supp.2d 1064, 1065 (M.D.Ala. 2005); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 340 (N.D. Ill. 2002) ("[T]his court agrees with *Washington* that Congress vested the power to obtain

---

[1] Plaintiff's Complaint, Prayer for Relief section, subpart e.

injunctive relief solely with the FTC [Federal Trade Commission]"); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va. 1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy."); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) (holding that private plaintiffs cannot seek injunctive relief under the FCRA because such relief would circumvent the Federal Trade Commission's ("FTC") discretion to enforce the FCRA).

Sections 1681n and 1681o of the FCRA prescribe the potential civil liability for non-compliance with the FCRA. Neither section makes any mention of declaratory or injunctive relief. Section 1681s(a) of the FCRA does grant the power to obtain injunctive relief, but only to the FTC. *See* 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this title shall be enforced under the Federal Trade Commission Act … by the Federal Trade Commission"). The omission of an equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a). If Congress had intended to give private plaintiffs the right to seek declaratory or injunctive relief for non-compliance with the FCRA, it would have expressly created an equitable remedy under Sections 1681n and 1681o. *Washington*, 199 F.3d at 269; *Mangio*, 887 F. Supp. at 285.

In sum, declaratory relief is not a remedy available to private plaintiffs under the FCRA. In addition, Plaintiff cannot seek declaratory relief under Texas common law because the FCRA preempts it. *See Poulson v. Trans Union, LLC*, 370 F.Supp. 2d 592,

593 (E.D. Tex. 2005). Accordingly, this Court should dismiss Plaintiff's request for declaratory relief for failure to state a claim pursuant to Rule 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests this Court find that the FCRA does not afford the Plaintiff a right to declaratory or injunctive relief under the FCRA and dismiss Plaintiff's request for the same.

Respectfully submitted,

*/s/ Tiffany L Cox*
**TIFFANY L. COX**
Texas State Bar No. 24050734
tiffany.cox@strasburger.com
**STRASBURGER & PRICE, LLP**
2801 Network Blvd.
Suite 600
Frisco, TX 75034
(469) 287-3921
(469) 227-6581 Fax
***Counsel for Defendant Trans Union LLC***

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Federal Rule of Civil Procedure 5(b)(2) on this the 20th day of May, 2010. Any other counsel of record will be served by first-class mail.

| | |
|---|---|
| Dennis Dean McCarty<br>dmccartylaw@att.net<br>McCarty Law Firm<br>P.O. Box 54172<br>Hurst, TX 76054<br>(940) 567-3141<br>(817) 887-5069 Fax<br>***Counsel for Plaintiff*** | Brent William Martinelli<br>Brent.martinelli@hsblaw.com<br>Frank Alvarez<br>Frank.alvarez@hsblaw.com<br>Hermes, Sargent & Bates, LLP<br>901 Main Streeet<br>Suite 5200<br>Dallas, TX 75202<br>(214) 749-6000<br>(214) 749-6100 Fax<br>***Counsel for Santander Consumer USA, Inc.*** |

*/s/ Tiffany L Cox*
**TIFFANY L. COX**