IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JEFFREY SMITH § | |
| § | |
| Plaintiff § | |
| § | |
| v.  § | Civil Action No.   A10CA202 |
| § | |
| § | |
| § | |
| § | |
| TRANS UNION, L.L.C; and § | |
| SANTANDER CONSUMER USA, Inc § | |
| § | |
| § | |
| § | |
| Defendant § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW the Plaintiff, JEFFREY SMITH, (hereafter the "Plaintiff) by Counsel, Dennis McCarty, and hereby submits his Response to Defendant's Motion to Dismiss Plaintiff's Request for Declaratory Relief.

**BACKGROUND**

Plaintiff brings several claims against Trans Union, a consumer reporting agency, under the Fair Credit Reporting Act (FCRA) 15 U.S.C § 1681, *et seq.* and Santander Consumer USA, Inc, a furnisher of credit information under the Fair Credit Reporting Act (FCRA) 15 U.S.C § 1681, *et seq.*   Plaintiff has requested, among other, declaratory relief, specifically requesting the Court to direct the Defendants to correct a past inaccuracy by removing it from Plaintiff's credit report.

1

## ARGUMENT

Plaintiff is entitled to declaratory relief under the FCRA.  *See Califano v. Yamaskaki,* 442 U.S. 682, 705, 99 S. Ct. 2545, 2559, 61 L. Ed. 2d 176, (1979).  (holding that, "Absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction.").  According to the *Yamaskaki* ruling, a District Court can presumptively enjoin a defendant from violating a statute unless there is the clearest command that Congress intended to strip the court of their inherent equity powers.  Applying *Yamaskaki* to the Fair Credit Reporting Act (FCRA), plaintiff concedes that there is no language within Section 1681n and 1681o however, mere omission is not the "clearest command" to deprive the court of their inherent declaratory power.  If Congress did not intend the courts to retain their injunctive powers, Congress would have included the restricting language indicating their intention not to allow injunctive relief, just as they limited the civil liability in Section 1681s-2(c).  That sections reads:

> (c) Limitation on Liability-  Except as  provided in section 1681s(c)(1)(B), sections 1681n and 1681o do not apply to any violation of—
> (1) subsection (a) of this section, including any regulations issued thereunder.
> (2) subsection  (e) of this section, except that nothing in this paragraph shall limit, expand, or otherwise affect liability under section 1681n or section 1681o, as applicable, for violations of subsection (b) of  this section; or
> (3) subsection (e) of section 1681m

Section 1681s-2(c) limitations on liability proves that if Congress intended to restrict or otherwise limit the liability or the inherent powers of the Court, they would have included the language in the statute just as they did in section 1681s-2(c). *See Andrus v. Glover Constr. Co.*, 446 U.S. 608, 616-617, 100 S.Ct. 1905, 64 L.Ed 548 (1980) ("Where

Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent.")

The Fifth Circuit has not ruled consistently on this issue. *See Sierra Club, Lone Star Chapter v. FDIC,* 992 F.2d 545, 548 (5th Cir. 1993); *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000). The FDIC argued in the *Sierra* case that 12 U.S.C. § 1821(j), along with other statutes barred the district court from enjoining them. The *Sierra Club, Lone Star Chapter* court cited *Yamasaki* ruling stating, "The Supreme Court has long held, however, that "[a]bsent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction."" The *Sierra Club, Lone Star Chapter* also cites *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542, 107 S.Ct 1396, 1402, 94 L.Ed.2d 542 (1987), "Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied." (quoting *Porter v. Warner Holding Co.,* 328 U.S. 395, 398, 66 S.Ct. 1086, 1089, 90 L.Ed 1332 (1946). After citing several United States Supreme Court rulings, the *Sierra Club, Lone Star Chapter* court concluded the FDIC's argument, "Thus, we must reject the FDIC's argument unless Congress has clearly and unambiguously limited the court's equity jurisdiction in these statutes", the court concluded with their holding that the district court did have jurisdiction to enjoin the FDIC but also held that the Sierra Club did not yet prove that it was entitled to the injunctive relief, so the court remanded it for further proceedings. To complicate matters, the Fifth Circuit then, and without overruling the *Sierra Club, Lone Star Chapter* case,

ruled differently in *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000).  The *Washington* case mentioned the *Yamasaki* case but failed to apply its rule that the courts have a presumption of equity power and it would take a "clear command" from Congress to strip them of those inherent powers. In *Washington,* the court reasoned that the FCRA did not include injunctive relief with sections 1681n and 1681o but allowed injunctive relief for the FTC.  The *Washington's* court reasoning was flawed and contrary to rules that the U.S. Supreme Court set in previous rulings. In *Washington,* the court determined that because the FCRA gave power of injunctive relief to the FTC coupled with the absence of the such language to private litigants "persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC."  Persuasive arguments do not meet the standards that the United States Supreme Court set out in multiple rulings, the standard set is that there must be a "clear command" from Congress and other rulings that state that the courts hold onto their equitable powers "unless provided by statute".  *Beaudry v. Telecheck Services, Inc.*, 579 F.3d 702 (6th Cir. 2009) has called the *Washington* ruling into doubt, stating "the answer is not free from doubt", then cites *Renegotiation Bd. V. Bannercraft Clothing Co.,* 415 U.S. 1, 19, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974)(holding that the enumeration of specific types of equitable authority in the Freedom of Information Act did not preclude district courts from granting non-enumerated injunctive relief); *Porter v. Warner Holding Co.,* 328 U.S. 395, 398, 66 S.Ct. 1086, 1089, 90 L.Ed 1332 (1946)("unless otherwise provided by statute, all the inherent equitable powers of the District Court are available for the proper and complete exercise of that jurisdiction."); *Califano v. Yamaskaki,* 442 U.S. 682, 705, 99 S. Ct. 2545, 2559, 61 L. Ed. 2d 176, (1979).  (holding that, "Absent the clearest command to the

contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction."). The District of Arizona has recognized injunctions in a Fair Credit Reporting Act case. *See Greenway v. Information Dynamics, LTD,* 399 F.Supp. 1092 (1974).

Plaintiff further argues that injunctive relief is critical for judicial efficiency. Without the courts power of injunctive relief to correct defendant's conduct, damages will continue to accrue requiring plaintiffs to file repeated lawsuits for damages sustained by defendant's continuing actions. The FTC would not be disadvantaged by allowing the courts to retain their injunctive power. It is the statutory responsibility for Credit Reporting Agencies to maintain "maximum possible accuracy". *See* 15 U.S.C 1681e(b). Injunctive relief is very important tool for the courts to use to make sure that standard set by the FCRA is met.

In sum, declaratory relief is a remedy that is available to private plaintiffs under the FCRA. The United States Supreme Court has set a standard that would be required to strip the District Courts of their equitable powers which the FCRA has not done. Accordingly, this Court should dismiss Defendant's Motion to dismiss Plaintiff's Request for Declaratory Relief under the FCRA.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court enter an order denying Defendant's Motion to Dismiss Plaintiff's Request for Declaratory Relief under the FCRA.


Dated:  June 1, 2010

                                      Respectfully submitted,

        /s/Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
P.O. Box 54172
Hurst, TX., 76054
Telephone: 940-567-3141
Fax (817) 887-5069
dmccartylaw@att.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of June, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Tiffany L. Cox
Texas State Bar No. 24050734
Strasburger & Price, LLP
2801 Network Blvd.
Suite 600
Frisco, TX 75034
Telephone: (469) 287-3921
Facsimile:  (469) 227-6581
Tiffany.cox@strasburger.com
ATTORNEY FOR DEFENDANT TRANS UNION, LLC

Frank Alvarez
State Bar No. 00796122
Hermes Sargent Bates, L.L.P.
901 Main Street, Suite 5200 Dallas, Texas 75202
(214) 749-6000
(214) 749-6100 (fax)
ATTORNEY FOR DEFENDANT SANTANDER CONSUMER USA, INC.


Brent W. Martinelli
State Bar No. 24037037
Hermes Sargent Bates, L.L.P.
901 Main Street, Suite 5200 Dallas, Texas 75202
(214) 749-6000
(214) 749-6100 (fax)
ATTORNEY FOR DEFENDANT SANTANDER CONSUMER USA, INC.

Date Signed this <u>the 1st</u> day <u>of June, 2010</u>

<div style="margin-left: 40%;">
<u>/s/ Dennis McCarty</u>  
**DENNIS MCCARTY**  
MS Bar# 102733  
Attorney for Plaintiff  
P.O. Box 54172  
Hurst, Tx 76054  
Phone: 940-567-3141  
Fax:    817-887-5069  
dmccartylaw@att.net
</div>